1
2
3
4
5
6
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  LEHMAN BROTHERS HOLDINGS, INC., | ) CASE NO. 1:09-cv-01018-LJO-JLT<br>) |
| 12              Plaintiff, | )<br>) ORDER DENYING THIRD REQUEST TO |
| 13          v. | ) MODIFY SCHEDULING ORDER<br>) |
| 14  GOLDEN EMPIRE MORTAGAGE, INC, | ) (Doc. 38)<br>) |
| 15  dba GEM CAPITAL FUNDING | )<br>) |
| 16              Defendant. | )<br>) |

17
18

19  **I.      Background**

20          On March 17, 2010, the Court granted the parties' first request to modify the Scheduling

21  Order, dated December 16, 2009.  (Doc. 34) This request was based upon the parties' entering into

22  settlement negotiations.  In the order, the Court informed the parties that "[n]o further modifications

23  to the Scheduling Order will be approved without a showing of Good Cause even in instances where

24  the parties stipulate to the proposed modification."  (Id. at 4).

25          On May 28, 2010, the parties filed a stipulation requesting the Court modify the Scheduling

26  Order once again to extend numerous dates including the date by which the parties had to file

27  dispositive motions.  (Doc. 36)  In support of that requested modification, the parties asserted that

28  because they had engaged in lengthy settlement efforts, they had postponed discovery and, therefore,

1   needed additional time to complete discovery, if they were unable to settle.   (Id. at 1-2).

2          On that same date, the Court issued an order that found that the parties had failed to

3   demonstrate good cause.  The Court observed, " [I]n their stipulation, the parties recite facts that

4   support the conclusion only that they have delayed settlement discussions and have failed to

5   diligently pursue discovery.  This does not constitute good cause to modify the Scheduling Order."

6   (Doc. 37 at 1-2)

7          Currently before the Court is the parties' third request to modify the amended Scheduling

8   Order.  (Doc 38)  In this current request, filed June 30, 2010, the parties seek to extend the date by

9   which the parties must file their dispositive motions from July 2, 2009 to July 9, 2009. (Id. at 2).

10  Once again, the parties report that they have continued to engage in settlement discussions and,

11  toward that end, they have circulated written provisions.  The parties assert that allowing them one

12  week to determine whether settlement can be achieved, will allow them "to conserve party and

13  judicial resources." (Id.)

14         On July 1, 2010, the Court held a hearing on the matter.  Counsel reported that they had

15  reached, in spirit, an agreement to settle the matter except on two points.  However, these two issues

16  are critical and settlement depends on whether agreement can be reached on these key points.

17  Counsel reported that they were circulating language as to these two issues but neither side's client

18  had reviewed or agreed to the draft provisions.  The attorneys reported that they were hopeful that

19  settlement could be achieved but could not express a significant degree of confidence as to the

20  outcome of the settlement process.

21         Nevertheless, counsel for Defendant expressed that her client wished to avoid incurring the

22  cost of preparing a dispositive motion and felt that a week extension would be sufficient to

23  determine whether settlement would occur.  If the case did not settle, Defendant would file its

24  dispositive motion at that time.  The Court notes, however, that though an extension carries the

25  *possibility* the Defendant's resources will be preserved if settlement is reached, at the hearing,

26  neither counsel was willing to state that settlement was *probable*.

27  **II.     Analysis**

28         Pursuant to Fed. R. Civ. P. 16(b)(3), district courts must enter scheduling orders to establish

deadlines for, among other things, "to file motions" and "to complete discovery." A schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).

In Johnson, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, "good cause" requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608.

Here, the parties' willingness to settle this case is admirable. However, settlement discussions generally are not an "unanticipated" development. Nevertheless, the Court first modified the Scheduling Order in mid-March to allow settlement negotiations based upon the parties representations that settlement could be achieved at an April 2010 mediation session. The case is now two months beyond the completion of the mediation session and nearly three months since the Court granted the modification of the Scheduling Order. Still, no settlement has been achieved and the parties offer no significant assurance that the case will, indeed, settle. Instead, the case rests in a state of limbo because the parties have not committed either to settling it or to prosecuting it. The parties must decide to "fish or cut bait."

The parties knew of the looming deadlines for months. Thus, the Court is perplexed that they have failed to begin drafting their dispositive motions before now, especially in light of the Court's

1   May 28, 2010 ruling which found that the parties' stated reasons to extend dates, which are the same

2   in substance to those set forth here, did not constitute good cause to modify the Scheduling Order.

3   For these reasons, the Court finds that good cause has not been demonstrated.[1]

4        Finally, although the parties outline their concerns over the use of their limited resources,

5   they ignore the burden that their request places on the Court.  As it is currently scheduled, the

6   hearing on any dispositive motion will occur only two weeks before the pretrial conference, which

7   leaves scarce time for deciding it.  If the filing date is extended, the Court would have even less time

8   to consider the parties' positions before the hearing.  The proposed change will ensure also that in

9   limine motions will have to be filed and decided and other pretrial deadlines will have to be met

10  before a decision on the dispositive motion can be made. Given these circumstances, the requested

11  extension would place an untenable burden on the Court.

12       Accordingly, IT IS HEREBY ORDERED that request to modify the Scheduling Order is

13  **DENIED**.

14

15  IT IS SO ORDERED.

16  Dated:   **July 2, 2010**                                      **/s/ Jennifer L. Thurston**
                                                     UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

_____

25  [1] The Court recognizes that dispositive motions are due today.  Unfortunately, this is the consequence of the parties'
    decision to wait until two days before the deadline to file their request.  Apparently the parties were counting on their request
26  being granted, despite that this late-filing nearly guaranteed that it would be denied based upon their lack of diligence.  For
    example, in Hardy v. County of El Dorado, 2008 U.S. Dist. LEXIS 75925 at *4 (ED CA Aug. 20, 2008), the Court rejected
27  a motion to extend the discovery cut-off, filed three days before the deadline as lacking in diligence.  The Court held, "Indeed,
    requesting the Court to modify the Scheduling Order to extend the discovery cut-off date three days before the deadline does
28  not constitute diligence." Id.  This same rationale applies here.

4